UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20776-RAR

**CRAZY FORTS INC.**,

        Plaintiff,

v.

**THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"**

        Defendants.
_____/

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment ("Motion"), [ECF No. 146]. For the reasons set forth in the Order on Motion for Entry of Final Default Judgment, [ECF No. 154], entered separately, it is

**ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Plaintiff Crazy Forts Inc. and against the Defendant Individuals, Partnerships, or Unincorporated Associations identified on Schedule "A" hereto ("Defaulting Defendants") as follows:

**(1) Permanent Injunctive Relief:**

The Defaulting Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with the Defaulting Defendants are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Plaintiff's trademark, or any confusingly similar trademarks to Plaintiff's CRAZY FORTS Mark ("Crazy Forts Mark");

b. using any reproduction, counterfeit, copy, derivative, or colorable imitation of Plaintiff's copyrighted works ("Copyrighted Works");

c. using the Crazy Forts Mark or Copyrighted Works in connection with the sale of any unauthorized goods;

d. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defaulting Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

e. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

f. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defaulting Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff;

g. using any reproduction, counterfeit, copy, or colorable imitation of the Crazy Forts Mark or Copyrighted Works in connection with the publicity, promotion, sale, or advertising of any goods sold by Defaulting Defendants;

h. affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defaulting Defendants as being those of the Plaintiff or in any way endorsed by Plaintiff;

i. otherwise unfairly competing with Plaintiff;

j. using the Crazy Forts Mark or Copyrighted Works, or any confusingly similar trademark or works on e-commerce marketplace sites, domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other

  websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to ecommerce stores, websites, and/or Internet businesses registered, owned, or operated by Defaulting Defendants; and

k. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

**(2) Additional Equitable Relief:**

  a. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto ("Seller IDs"), including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), and their related companies and affiliates shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Crazy Forts Mark via the e-commerce stores operating under the Seller IDs, and any other listings and images of goods bearing counterfeits and/or

        infringements of the Crazy Forts Mark associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by the Defaulting Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Crazy Forts Mark and Copyrighted Works; and

    b. Upon Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defaulting Defendants' goods bearing one or more of the Crazy Forts Mark and Copyrighted Works, including but not limited to Alibaba, Amazon, ContextLogic, DHgate.com, and eBay, shall permanently cease fulfillment of and sequester those goods, and surrender the same to Plaintiff.

**(3) Statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1117(c):**

    a. Award Plaintiff damages of $10,000.00 against each Defaulting Defendant, for which let execution issue, based upon the Court's finding that Defaulting Defendants infringed at least one trademark on one type of good. The Court has considered both the willfulness of Defaulting Defendants' conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

(4) All funds currently restrained or held on account for all Defaulting Defendants by all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com Hong Kong Limited, which operates AliExpress, Ant Financial Services, Alipay, Amazon, Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, ContextLogic, PayPal, eBay, Stripe, and their related companies and affiliates, are to be immediately (within 5 business days)

transferred by the previously referred to financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms and by Defaulting Defendants, to Plaintiff and/or Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defaulting Defendant. All financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to AliExpress, Alipay, Dhgate, Wish, Amazon, Amazon Pay, eBay, and/or Etsy and their related companies and affiliates, shall provide to Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defaulting Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defaulting Defendant's funds restrained prior to release; and (iii) total funds released per Defaulting Defendant to Plaintiff.

(5) Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(6) The bond posted by the Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk.

(7) The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

(8) The Clerk shall **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**